In the Matter of Max Hauser, Appellant, against Lewis A. Wilson, as Commissioner of Education of the State of New York, Respondent.

Third Department, November 9, 1956.

*Harvey M. Lifset* for appellant.

*Charles A. Brind, Jr., John P. Jehu, Elizabeth M. Eastman* and *George B. Farrington* for respondent.

*Per Curiam.* Under the provisions of chapter 340 of the Laws of 1947 amending the Education Law (former § 1492 now § 7404). petitioner was qualified to submit in lieu of the usual require-

ments of education and examination for certification by the Education Department as a certified public accountant " evidence of fifteen years' experience in the intensive application of accountancy principles and auditing procedures satisfactory to the state board of certified public accountant examiners ".

The Board of Certified Public Accountant Examiners has refused to issue a certificate on the basis of petitioner's experience; the Commissioner of Education on review has dismissed the appeal from the board's determination, and the court at Special Term has dismissed the article 78 proceeding reviewing the commissioner's determination.

A period of about 11 years of the experience submitted by petitioner was in State governmental service in part as a payroll examiner and part as a tax examiner. It can be argued that this was " intensified application " of " accountancy principles " and of " auditing procedures " or, conversely, that the experience was so specialized and restricted as not fairly to come within the scope of the statute.

The view of the Board of Examiners and the commissioner in an arguable issue of judgment and opinion that this experience does not qualify petitioner for license without examination is not, therefore, erroneous as a matter of law; and the court would not be warranted in annulling the determination if it arrived at the conclusion that such experience should have been accepted rather than rejected.

The answer to the petition indicates a thorough examination of petitioner's application for credit. It discloses the reasons which led the respondent not to give the credit sought. Petitioner's experience both in government and in private practice of accounting was not regarded by the examiners or by the respondent as reaching a qualitative level that would be evidenced by the passing of the certified public accountant examination.

Some such equivalent of experience for education leading to a waiver of examination was within the reasonable contemplation of the Legislature in enacting a statute such as this. We do not find it possible to say on this record as a matter of law that petitioner's experience was necessarily that equivalent or that it met the statutory test.

The petitioner also alleges that the determination complained of is arbitrary and discriminatory as to him. It is alleged that certificates without examination have been issued to 150 persons upon experience " substantially the same * * * and, in many cases, inferior to " that of petitioner.

The petition also sets out, for example, the names of two persons who " were credited " by respondent " with the experience " acquired by them in State service. Another person is named in the petition who was given " full credit " for work done in the employment of a public accountant and six others " given credit for " part-time accountancy practice on their own account.

These allegations in this form are insufficient to lead to the annulment of the determination, nor do they justify a trial at Special Term on the issue thus tendered. Allegations such as the giving of " credit " or " full credit " for equivalent training service are not meaningful unless it is shown what the nature of the service is and its relation to other experience of the particular applicant. Words such as " credit " and " experience " mean different things in different settings.

In the absence of an explicitly clear allegation of facts suggesting discrimination against an individual petitioner, the court would not be warranted in trying out the merits of a large number — here perhaps as many as 150 — of applications which had been approved and processed, and comparing each record of experience bit by bit with that of the petitioner.

Even if the respondent mistakenly licensed several applicants whose experience was not superior to petitioner's, a case for judicial interference would not be made out. That the respondent was mistaken in issuing those certificates would not entitle petitioner to a certificate.

Only if the standard followed by the examiners and the commissioner generally, or in a substantial number of cases, was to certify applicants of experience at the same level as petitioner's or inferior to it, would discrimination be shown; and the factual allegations of the petition, separated from its general conclusions and inferences, do not clearly plead this.

The order dismissing the petition should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, without costs.